■ NAND PERSAUD et al., Respondents, v CINCINNATI INCORPORATED, Appellant, et al., Defendants. (And a Third-Party Title.) [631 NYS2d 437] —In an action to recover damages for personal injuries, etc., the defendant Cincinnati Incorporated appeals from an interlocutory judgment of the Supreme Court, Kings County (Vaccaro, J.), dated March 7, 1994, which, upon a jury verdict on the issue of liability, is in favor of the plaintiffs and against it.

Ordered that the interlocutory judgment is affirmed, without costs or disbursements.

The plaintiff Nand Persaud (hereinafter Nand), was employed by the third-party defendant Milgo Industries (hereinafter Milgo) as a press brake operator. Pursuant to Milgo's normal procedure for operating the press brake to hem or bend a piece of steel, Nand held a metal piece part with his hand to ensure that it stayed in the press brake as the die came down to bend the metal. At that point, the metal piece part slipped out from the press brake and cut his hand. In a bifurcated trial, *inter alia,* on the issue of strict products liability, the jury found that the defendant Cincinnati Incorporated, the manufacturer of the press brake, was liable for defective design by failing to incorporate magnets and clamps in the press brake to eliminate the need for hand-holding the metal piece parts during its operation.

The court did not err when it denied the motion of Cincinnati Incorporated to set aside the verdict as against the weight of the evidence because it cannot be said that the jury could not have reached its verdict based upon any fair interpretation of the evidence *(see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 107-111; *see also, Nicastro v Park,* 113 AD2d 129, 134-137; *Jiminez v Dreis & Krump Mfg. Co.,* 736 F2d 51, 54).

Cincinnati Incorporated's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Joy, Krausman and Florio, JJ., concur.